## No. XXXIV.

### JAMES L. SMITH V. WILLIAM JAMISON.

*Appeal from Harrison County.*

JACK, JUSTICE.—Jamison sued Smith in the district court upon five several notes and obtained judgment. Smith appealed. One of the notes was made payable, "to Sewell and Long, or bearer." The petition contains an averment that this note, "for a valuable consideration, was transferred by delivery" to the plaintiff below.

The statement of facts sets out: "That one of the notes sued on was made payable to Sewell and Long, or bearer,—a firm in the town of

---

absence of plea of non est factum. Tolbert v. McBride, 75 T., 95. These rules are as applicable to claims secured by liens as to unsecured claims. Graham v. Vining, 1 T., 639; Graham v. Vining, 2 T., 433; Danzey v. Swinney, 7 T., 617; Conkrite v. Hart, 10 T., 140, 141; Crosby v. McWillie, 11 T., 94; Duty v. Graham, 12 T., 427, 437; Robertson v. Paul, 16 T., 472, 475; Cunningham v. Taylor, 20 T., 126; Converse v. Sorley, 39 T., 515; Buchanan v. Wagnon, 62

Shreveport, Louisiana,—as attorneys at law, and judgment was rendered for plaintiff, without proving the existence of the partnership."

Upon this statement of facts the case is submitted in this court without argument.

We know of no rule of evidence which requires the proof to be made, by the holder of a note indorsed or transferred to him, of the partnership of the original payees of such note. And even if such were the law, the defendant in this case below in one of his answers has expressly admitted the fact, by averring that the note was "made payable to James B. Long and William Sewell, partners."

We are of the opinion that the appeal was for delay, and that the judgment of the district court should be affirmed with 10 per cent damages.

*Affirmed.*